

U.S. Department of Justice

United States Attorney
Eastern District of New York

SPN/MKM/KDE/PTH

271 Cadman Plaza East
Brooklyn, New York 11201

May 15, 2020

By ECF

The Honorable Pamela K. Chen
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Hernan Lopez, et al.
                Criminal Docket No. 15-252 (S-3) (PKC)

Dear Judge Chen:

      The government respectfully submits this letter in opposition to defendant Hernan Lopez's motion to dismiss the indictment or, in the alternative, for the release of grand jury materials and an evidentiary hearing (the "Motion" or "Mot."), filed on May 13, 2020. ECF Dkt. No. 1384. Lopez makes this extraordinary application based on the claim that an administrative order issued by Chief Judge Roslynn R. Mauskopf supports an inference that the grand jury lacked a quorum when it returned the indictment in this case. Mot. at 1. The motion is frivolous and should be denied in its entirety.

I.      Background

      The third superseding indictment (the "indictment"), in which Lopez, among others, was charged with various wire fraud and money laundering offenses in connection with his participation in a scheme to pay bribes to soccer officials in exchange for lucrative media rights to certain soccer events, was returned on March 18, 2020 by the Special Grand Jury empaneled by sealed order of the Chief Judge pursuant to 18 U.S.C. §§ 3331 and 3332. The indictment (along with another publicly filed indictment in an unrelated case[1]) was handed up that day by the grand jury foreperson, in open court and in the presence of one of the undersigned prosecutors, to United States Magistrate Judge Lois Bloom, consistent with Federal Rule of Criminal Procedure 6(f). After receiving the indictment from the grand jury

---

[1] See United States v. Moustafa Ayoub, 20-CR-142 (ENV), Dkt. Entry No. 49 (Indictment dated March 18, 2020).

foreperson, whose signature is on the charging instrument, Judge Bloom granted the government's application to file the indictment under seal and signed an order to that effect, dated March 18, 2020.  See ECF Dkt. No. 1337-1.

On March 18, 2020, Chief Judge Mauskopf entered Administrative Order 2020-11 ("Order 2020-11"), in which she noted that that "no regular grand jury in this district has had a quorum since March 13, 2020."  In re Coronavirus/COVID-19 Pandemic, Administrative Order 2020-11 ("Order 2020-11"), at 1 (emphasis added).  Had the Special Grand Jury also been without a quorum, Order 2020-11 presumably would have so stated.  Instead, the status of the Special Grand Jury was not addressed in an order of the court until April 21, 2020, when Chief Judge Mauskopf noted that "none of the grand juries currently sitting in the District will be able to muster a quorum prior to May 15, 2020," specifically broadening the finding beyond regular grand juries.  In re Coronavirus/COVID-19 Pandemic, Administrative Order 2020-15, at 2 (emphasis added).

On May 6, 2020, counsel for Lopez sent a letter to the government asking "the date on which the grand jury voted on the Superseding Indictment."  Mot. Ex. A.  The government responded the following morning that the indictment was returned "on March 18, 2020, the date reflected in the clerk's filing stamp."  Mot. Ex. C.  Defense counsel then sent a second letter asking the government to "confirm in writing that the grand jury achieved a quorum on each day that it received evidence and the day it voted on the Superseding Indictment" and to "further confirm that at least 12 grand jurors concurred in the Superseding Indictment."  Mot. Ex. B.  The government responded the following morning, in writing, confirming that, of course, "(1) the grand jury achieved a quorum on each day that it received evidence and on the day it voted on the Superseding Indictment (see ECF Nos. 1319 and 1337); and (2) at least 12 grand jurors concurred in the Superseding Indictment."  Mot. Ex. C.

Notwithstanding the government's prompt responses to the questions from counsel for Lopez, and without any attempt to confer with the government regarding their planned submission, counsel for Lopez filed the instant motion to dismiss the indictment and for inspection of grand jury materials and an evidentiary hearing.

II.     Argument

Lopez argues that dismissal of the indictment or disclosure of grand jury materials and an evidentiary hearing are warranted based on the purported "tension" or "discrepancy" between Chief Judge Mauskopf's statement in Order 2020-11 about the lack of a quorum in the regular grand juries and the government's representations to defense counsel regarding proceedings before the Special Grand Jury in this case.  Mot. at 1, 4, 7.  Simply put, there is no such tension or discrepancy because Order 2020-11 expressly referred only to the regular grand juries.  The Special Grand Jury that returned the indictment in this case had a quorum on March 18, 2020, and on every date on which it received evidence.  Accordingly, Lopez's motion should be rejected in its entirety.

A. <u>Legal Framework</u>

"An indictment returned by a legally constituted and unbiased grand jury . . . if valid on its face, is enough to call for trial of the charge on the merits. The Fifth Amendment requires nothing more." <u>Costello v. United States</u>, 350 U.S. 359, 363 (1956) (warning against "abuses of criminal practice" by defendants seeking to quash indictment based on grand jury proceedings). "It is axiomatic that 'grand jury proceedings are accorded a presumption of regularity, which generally may be dispelled only upon particularized proof of irregularities in the grand jury process.'" <u>United States v. Tranquillo</u>, 606 F. Supp. 2d 370, 381 (S.D.N.Y. 2009) (quoting <u>United States v. Mechanik</u>, 475 U.S. 66, 75 (1986)). Therefore, a review of grand jury proceedings "should not be permitted without concrete allegations of Government misconduct." <u>United States v. Leung</u>, 40 F.3d 577, 584 (2d Cir. 1994) (affirming district court's acceptance of the government's representations about the regularity of the grand jury proceedings where defendant claimed that "sequence of events was at least suspicious" and concluding that "speculations about possible irregularities in the grand jury investigation were insufficient to overcome the presumption" of regularity and "[i]t was therefore unnecessary for the Government to produce specific evidence of grand jury activity that might have bolstered this presumption.").

Speculative or conclusory statements are insufficient to support an allegation of government misconduct. See <u>United States v. Torres</u>, 901 F.2d 205, 233 (2d Cir. 1990), <u>overruled on other grounds</u> (affirming denial of defendant's application to disclose grand jury proceedings and dismiss the indictment "without specific factual allegations of government misconduct"); <u>see also</u> <u>United States v. Bruno</u>, 159 F. Supp. 3d 311, 322 (E.D.N.Y. 2016) ("A court will not authorize disclosure of grand jury minutes when the defendant alleges mere speculation as to what occurred in front of the grand jury." (internal quotation and citation omitted)); <u>United States v. Basciano</u>, 763 F. Supp. 2d 303, 311 (E.D.N.Y. 2011) (accepting government's representations of regularity and finding that defendant's "unfounded assumptions" and "series of conjectural statements" were "insufficient to satisfy the particularized showing required to overcome grand jury secrecy, let alone to require the dismissal of the indictment."); <u>United States v. Barret</u>, 824 F. Supp. 2d 419, 447 (E.D.N.Y. 2011) (denying motion to review grand jury proceedings because the defendant had "not allege[d] a single non-speculative impropriety to support his request"); <u>United States v. Corbin</u>, No. 09-CR-354, 2009 WL 4505513, at *4 (E.D.N.Y. Dec. 1, 2009) (denying defendant's motion for <u>in camera</u> review of grand jury proceedings because defendant failed to demonstrate specific occurrences of government misconduct); <u>United States v. Ordaz-Gallardo</u>, 520 F. Supp. 2d 516, 519-20 (S.D.N.Y. 2007) (denying motion to disclose grand jury proceedings because defendants offered "little more than speculation that some impropriety may have occurred before the grand jury," which fell "well short of the 'particularized need'" required under well-settled law).

B. <u>Discussion</u>

Lopez has not advanced any plausible basis for inferring that the Special Grand Jury failed to achieve a quorum or otherwise failed to carry out its obligations under

3

the law before returning the indictment in this case.  Indeed, the entire premise of the Motion—that there is some inconsistency between Chief Judge Mauskopf's statement in Order 2020-11 concerning regular grand juries and the government's statements to defense counsel about the Special Grand Jury—is categorically false.  Because the asserted inconsistency does not exist, Lopez's motion is based on nothing more than "skepticism," Mot. at 4, n. 2, and wishful speculation, which cannot overcome the presumption of regularity.  See United States v. Dolney, No. 04-CR-159 (NGG), 2005 WL 1076269, at *3 (E.D.N.Y. May 3, 2005) (rejecting request for access to grand jury proceeding to explore, inter alia, whether grand jury lacked a quorum and returned indictment with fewer than 12 grand jurors concurring in the charges where the defendant offered only "a variety of cursory allegations made 'upon information and belief'"); see also United States v. Ebanks, 20-MJ-204 (CLP) (E.D.N.Y. 2020), Order at 20, ECF Dkt. No. 14 (addressing defense argument that government should have presented indictment to the "special grand jury that was convened on March 18, 2020").

Similarly, Lopez has not advanced a remotely plausible, much less concrete, allegation of government misconduct.  See Leung, 40 F.3d at 582.  Lopez states that he has "no reason to doubt the government's representation" that the grand jury voted on March 18, 2020, but the Motion is premised on a refusal to accept the government's representations that the grand jury achieved a quorum and a vote of at least 12 grand jurors in support of the indictment.  The Motion thus invites speculation that the government, the grand jurors (including the foreperson, who signed and handed up the indictment), Judge Bloom, or some combination thereof engaged in flagrant misconduct by permitting the grand jury to receive evidence and return an indictment unlawfully, without the required quorum or number of votes.  The suggestion is unfounded and sharp.

Lopez apparently faults the government for asserting "only the conclusion that the grand jury had a quorum," Mot. at 4, but the government made this assertion in response to a letter from defense counsel asking that the government confirm, in writing, that the grand jury achieved a quorum and properly voted on the indictment, Mot. Ex. B.  The government did just that, promptly and as requested.  Mot. Ex. C.  Rather than seek clarification or otherwise confer with the government, it appears that defense counsel opted instead to file its motion in an ill-advised attempt at a "gotcha" moment.  The practice in this District of conferring about contemplated motions serves important purposes, among them the interest in avoiding the filing of motions based on easily corrected, false assumptions.

Notably, it seems that counsel for Lopez anticipated, although they did not bother to confirm, that a special grand jury might have returned the indictment in this case.  See Mot. at 4, n. 2.  Against this possibility, Lopez argues that "the inability to secure a quorum in regular grand juries for five days before the indictment in this case suggests that the government was unable to gather a quorum for a special grand jury."  Id.  The argument is not supported by facts, law, or logic.  That certain grand juries were unable to achieve a quorum of 16 people on certain dates hardly supports an inference that an entirely different panel of grand jurors, each serving in his or her own particular circumstances, also must have been unable to achieve a quorum – and that the Special Grand Jury violated the law and went

4

ahead and returned an indictment while lacking a quorum.  Lopez's further suggestion that the "lack of a date on the true bill reinforces [his] skepticism" that the grand jury achieved a quorum is nonsensical.  Id.  Is the idea that the grand jury foreperson purposefully declined to date the indictment for some reason having to do with quorum requirements, but nevertheless handed the document up to Judge Bloom in open court on March 18, 2020?  Or that the grand jury voted on some other date, without a quorum, and waited until March 18 to hand up the indictment in an attempt to defraud the court?  Lopez doesn't say.  Either suggestion is absurd.

In sum, Lopez falls far short of carrying his heavy burden to show a basis for dismissal of the indictment or compelling necessity for access to grand jury materials through specific and concrete factual allegations.  Because he offers only conjecture and skepticism, "without specific factual allegations of government misconduct," Lopez's motion should be denied.  Torres, 901 F.2d at 233.

III.    Conclusion

For the foregoing reasons, the defendant's motion to dismiss the indictment or, in the alternative, for review of grand jury minutes and an evidentiary hearing, should be denied.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By:      /s/
Samuel P. Nitze
M. Kristin Mace
Keith D. Edelman
Patrick T. Hein
Kaitlin T. Farrell
Assistant U.S. Attorneys
(718) 254-7000

cc:     Counsel of record (by ECF)
        Clerk of Court (PKC) (by ECF)

5