SPERTUS

LANDES &

UMHOFER
LLP

1990 South Bundy Drive, Suite 705      617 West 7th Street, Suite 200
Los Angeles, CA 90025                  Los Angeles, CA 90017
P 310.826.4700   F 310.826.4711        P 213.205.6520   F 213.205.6521

www.spertuslaw.com

May 18, 2020

BY ELECTRONIC CASE FILING

The Honorable Pamela K. Chen
United States District Judge
United States District Court
    for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

     Re:    *United States v. Hernan Lopez*, Case No. 15-cr-252 (PKC)

Dear Judge Chen:

The government's Opposition (ECF No. 1385) to Mr. Lopez' Motion (ECF No. 1384) does not dispute that the lack of a quorum would justify dismissal; that no regular grand jury has had a quorum since March 13, 2020; that no grand jury whatsoever has had a quorum since at least April 21, 2020; or that the true bill attached to the Superseding Indictment, S-3 (ECF Nos. 1319 and 1337) is undated—though the lack of a date is never explained.

Instead, the government repeats its otherwise unsupported assurance that all proceedings related to the Superseding Indictment were regular and amasses an extravagant array of adjectives to cast aspersions on Mr. Lopez's assertion of his Fifth Amendment rights (i.e., "frivolous," "false," "wishful speculation," "not … remotely plausible," "nonsensical," "unfounded and sharp," and "absurd"). The government's tone is unwarranted, and it protests too much. These circumstances are unusual and, so far, unexplained. Fundamental rights are at stake, and the questions posed by the Motion are reasonable, well-founded, and—despite the government's overheated response—not so different in kind from other common motions (e.g., for suppression or a Franks hearing) often used to explore and remediate procedural missteps. The facts produced by the defense, and the lack of evidence produced by the government, warrant at least the disclosure of limited grand jury information under Rule 6(e) and an evidentiary hearing.

## I.    **Further Background**

Since Mr. Lopez's Motion, the Chief Judge has again confirmed "the unavailability of a grand jury sitting in this district arising from the inability to muster a quorum prior to May 15, 2020, and the suspension of the selection of new grand jurors." (Order Extending Certain Statutory



Deadlines for Administrative and Judicial Forfeiture Proceedings, 20 Misc. 1074, at 2 (May 15, 2020).)  And, the COVID-19 crisis' persistent adverse effect on grand jury proceedings in and around New York City has been well documented since March.[1]

## II.     Reply Argument

The government does not dispute that lack of a quorum is grounds to dismiss an indictment. See United States v. Barret, 824 F. Supp. 2d 419, 446 (E.D.N.Y 2011). The government's Opposition is also silent as to Mr. Lopez's Rule 6(e) showing of (i) particularized need; (ii) outweighing the need for secrecy; (iii) narrowly tailored to only information needed to support dismissal.

The government asserts instead that Mr. Lopez's arguments are "wishful speculation," incapable of overcoming the presumption of regularity in grand jury proceedings.  The government comes at this assertion three different ways, but none really answers Mr. Lopez's showing in the Motion.

First, the government explains that a special grand jury returned the Superseding Indictment, rather than any of the regular grand juries referenced by the Chief Judge's administrative order dated March 18, 2020.  Nothing on the face of the Superseding Indictment indicates as much, and neither of the government's responses to Mr. Lopez's pre-Motion letters revealed that information.  (Josephs Decl. Ex. C.)  In any event, as the Motion shows, the involvement of a special grand jury does not end the inquiry.  (Mot. at 4 n.2.)  The inability to secure a quorum in regular grand juries for five full days before the Superseding Indictment issued strongly supports an inference that a quorum in the special grand jury at issue here was lacking.  That the true bill is undated—still without any explanation— further supports that inference.

For these reasons, the government's citations to United States v. Dolney, No. 04-CR-159 (NGG), 2005 WL 1076269, at *3 (E.D.N.Y. May 3, 2005), and the unreported order in United States v. Ebanks, No. 20-MJ-204 (CLP), ECF No. 14 at 20, are unhelpful.  In Dolney, the defendant offered only "a variety of cursory allegations made 'upon information and belief,'" by listing four different potential legal defects, including a lack of quorum.  2005 WL 1076269, at *3.  The Court rejected that request for grand jury materials because it "simply appears to allege every conceivable procedural defect that could occur before a grand jury in a frivolous attempt to gain access to the grand jury

---

[1] Jody Godoy, Grand Jury Suspensions a Looming Problem for Prosecutors, Law360, available at https://www.law360.com/articles/1264013/grand-jury-suspensions-a-looming-problem-for-prosecutors (last accessed May 17, 2020) (reporting on challenges in the EDNY and SDNY); Jillian B. Berman and Lise Rahdert, COVID-19: Considerations for Recipients of a Federal Grand Jury Subpoena to Testify, Practical Law Securities Litigation & White Collar Crime (discussing issues in EDNY and SDNY); see also Pete Brush, Grand Jurors in SDNY Get Video Option Amid Virus Outbreak, Law360, available at https://www.law360.com/articles/1255774/grand-jurors-in-sdny-get-video-option-amid-virus-outbreak (last accessed May 17, 2020).

SPERTUS

LANDES &

UMHOFER
            LLP

minutes." Id. Mr. Lopez's Motion is not an unsupported list of potential legal defects; it is grounded in documentary evidence calling into question the grand jury's ability to achieve a quorum, including a Court order and the undated true bill. Furthermore, Mr. Lopez does not seek to gain access to the grand jury minutes as was the case in Dolney, but rather very tailored information as set forth in the Motion. As for the Ebanks order, although it refers to "the special grand jury that was convened on March 18, 2020," that reference does not tend to show that the special grand jury had a quorum on each day it received evidence or the day it returned the indictment, nor that the special grand jury actually voted on March 18, 2020.

Second, the government reads into the Motion and takes issue with any suggestion that the grand jurors, Judge Bloom, "or some combination thereof engaged in flagrant misconduct." (Opp'n at 4.) To be sure, this misreads Mr. Lopez's Motion, which does not allege any purposeful misconduct, and certainly not any judicial misconduct. If the grand jury lacked a quorum—even through inadvertence or unusual efforts to cope with an unprecedented public health crisis—the Superseding Indictment would be invalid. The Motion neither asserts, nor does the relief sought require, "flagrant misconduct."

In this respect, the government's Ebanks case becomes informative. The Order describes a faultless but difficult set of circumstances on and around March 18, 2020, "[g]iven that the Brooklyn Federal Courthouse was at the epicenter of the pandemic, operating with only limited resources." United States v. Ebanks, No. 20-MJ-204 (CLP), ECF No. 14 at 3. Those circumstances include prosecutors running up against statutes of limitations and speedy trial act deadlines during a period when grand jurors could not appear in person and U.S. Marshals reported inabilities to produce defendants in custody. Id. at 2-4. It is neither "absurd" nor "sharp," to question whether these deeply unfortunate impediments to the normal functioning of our criminal courts resulted, even inadvertently, in an irregular indictment.

Third, the government blames Mr. Lopez's counsel for not meeting and conferring again before filing the Motion. Under the circumstances, however, delaying the Motion to meet and confer further posed a potential risk to Mr. Lopez's Fifth Amendment rights. Motions to dismiss made "on the ground of substantial failure to comply with the provisions of [Title 28] in selecting the grand or petit jury" must be filed "within seven days after the defendant discovered or could have discovered, by the exercise of diligence, the grounds therefor." 28 U.S.C. § 1867(a). Mr. Lopez contends that § 1867(a) does not apply to motions based on a lack of quorum, which are not concerned with "selecting" the grand jury. But out of an abundance of caution, Mr. Lopez filed the Motion on May 13, 2020, seven days after writing the government about the apparent irregularity. (Josephs Decl. Ex. A (dated May 6, 2020).)[2] Had Mr. Lopez delayed for further meet and confer efforts and not filed

_____

[2] In that regard, Mr. Lopez's filing also complied with this Court's Individual Practices and Rules, Paragraph 3.D, which encourages simultaneous filing of all motion papers "unless doing so might cause a party to miss a statutory deadline."



within the seven days, the government likely would have blasted the Motion as untimely.  No "gotcha" moment was intended—though the government's argument raises the question why it withheld the existence of the special grand jury from its response to questions clearly directed at whether a quorum was reached during a pandemic.  If there is any "gotcha" effort here, it lies in the fact that the government is more focused on criticizing Mr. Lopez for moving promptly than it is on providing facts and evidence to address Mr. Lopez's reasonable concerns on a critical procedural issue.

## III.     Conclusion

These unusual circumstances merit the taking of evidence.  Limited release of the grand jury information identified in the Motion, an evidentiary hearing, or *in camera* review would answer the questions left unanswered by the government's Opposition.

Sincerely,

Matthew Donald Umhofer
James W. Spertus
Samuel A. Josephs
*Counsel for Hernan Lopez*

cc:  Counsel of record (by ECF)