**Debevoise & Plimpton**

Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
+1 212 909 6000

**David Sarratt**
Partner
dsarratt@debevoise.com
Tel +1 212 909 6000

September 16, 2021

**BY ELECTRONIC CASE FILING**

The Honorable Pamela K. Chen
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

*Re: United States v. Hernan Lopez*, Case No. 15-cr-252 (PKC) Notice of Supplemental Authority

Dear Judge Chen:

In advance of tomorrow's oral argument, Defendants Hernan Lopez and Carlos Martinez respectfully submit this Notice of Supplemental Authority to call to the Court's attention Judge Pauley's decision in *United States v. Giffen*, 326 F. Supp. 2d 497 (S.D.N.Y. 2004), on which defendants intend to rely in support of their Motion to Dismiss pursuant to Rule 12(b)(3)(B). *See* ECF No. 1595.

In *Giffen*, the district court granted a pre-trial motion to dismiss charges of honest services fraud on vagueness grounds because the charges related to alleged bribery of a foreign official. 326 F. Supp. 2d at 504-507. As the Supreme Court later did in *United States v. Skilling*, 561 U.S. 358 (2010), the *Giffen* Court adopted a limiting construction of § 1346 in order to avoid a vagueness shoal, reasoning that because (i) the text of § 1346 did not mention bribery of foreign officials; (ii) the legislative history of § 1346 was silent as to its application to foreign bribery; and (iii) there was a "total absence" of published decisions supporting the application of honest services fraud charges to foreign bribery schemes, the application of § 1346 to American citizens who allegedly deprived foreign nationals of their right to honest services was unconstitutionally vague as applied. *Giffen*, 326 F. Supp. 2d at 506. As the Court explained, although the pre-*McNally* honest services precedents were "legion, . . . none of them apply the intangible rights theory to corruption in a foreign nation." *Id*. (internal citations omitted).

Notably, the court expressly rejected the idea that "American notions of honesty . . . be engrafted on [foreign] jurisprudence," *id.* at 507 (internal citations omitted), and captured well the vagueness problem that arises in the context of applying the honest services concept to foreign bribery:

> [E]xtension of the intangible rights theory to Giffen and the Kazakh citizenry is more ethereal. The claimed violation is the deprivation of the honest services of Kazakh government officials to the Kazakh citizenry. Deciding that issue requires an analysis of the compact between Kazakh citizens and their government. In turn, the inquiry would require this Court to determine

Hon. Pamela K. Chen 2 September 16, 2021

> what constitutes honest services in the Kazakh landscape, untethered to any Kazakh statute analogous to Section 1346.

*Id*. at 506-507 (internal citations omitted).  In light of these concerns, the court appropriately found that § 1346 could not be construed as extending to foreign bribery schemes, consistent with the body of pre-*McNally* precedent § 1346 was intended to revive.  *Id* at 506-07.

Because this case bears directly on the merits of the pending Motion to Dismiss filed by Lopez and Martinez, we attach it here.

Respectfully submitted,

/s/  David Sarratt
David Sarratt

919 Third Avenue
New York, New York 10022
Tel: (212) 909-6000

*Counsel for Hernan Lopez*


cc: All Counsel of Record (via ECF)
Clerk of Court (PKC) (by ECF)