**Debevoise & Plimpton**

**Debevoise & Plimpton LLP**
919 Third Avenue
New York, NY 10022
+1 212 909 6000

**David Sarratt**
Partner
dsarratt@debevoise.com
Tel +1 212 909 6000

March 17, 2022

Mr. Samuel Nitze
Ms. Kaitlin Farrell
Mr. Patrick Hein
Mr. Victor Zapana
Assistant United States Attorneys
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201

Re: *United States v. Hernan Lopez*, Case No. 15-cr-252 (PKC)

Dear Counsel:

      We write on behalf of our client, Hernan Lopez, pursuant to Rule 16 of the Federal Rules of Criminal Procedure and *Giglio v. United States*, 405 U.S. 150 (1972), *Brady v. Maryland*, 373 U.S. 83 (1963), and their progeny.  Although we have not yet received Jencks Act material, our understanding is that Alejandro Burzaco will testify that he hid the various bribery schemes in which he was involved from certain outside investors in Torneos y Compentencias ("TyC"), including DirecTV, and from the TyC board members who represented those investors. Documents and communications in the custody and control of the government evidencing such deception constitute *Giglio* material that must be provided to the defense.  *See Strickler v. Greene*, 527 U.S. 263, 281-82 (1999); *Giglio,* 405 U.S. at 154 ("When the 'reliability of a given witness may well be determinative of guilt or innocence,' nondisclosure of evidence affecting credibility falls within [the Brady] rule."); *United States v. Gil*, 297 F.3d 93 (2d Cir. 2002) ("Evidence is favorable to the accused if it either tends to show that the accused is not guilty or if it impeaches a government witness.").  In addition, pursuant to Rule 16, documents or other evidence tending to show that Burzaco hid the bribery schemes from other outside investors or partners, including DirecTV, are "material to preparing the defense" because they will likely show that Burzaco employed similar means and methods in hiding the scheme from Fox.  Fed. R. Crim. P. 16(a)(1)(E).

      We therefore request the disclosure of all documents and communications tending to show that Burzaco concealed the bribery schemes from partners, investors, or potential investors in TyC, including all communications with DirecTV regarding their investment in TyC, and all internal TyC communications evidencing Burzaco's direction to others to carry out such deception and concealment of the bribery schemes.

AUSAs Nitze, Farrell, Hein and Zapana          2

      Should you have any questions regarding the nature of the requests contained in this letter, please contact us.  We look forward to your prompt response.

                Respectfully submitted,

              /s/  *David Sarratt*

          David Sarratt
          John Gleeson
          Sarah H. Wolf
          Marisa R. Taney
          Michael C. McGregor
          dsarratt@debevoise.com

          Debevoise and Plimpton
          919 Third Avenue
          New York, New York 10022
          Tel: (212) 909-6000

         *Counsel for Hernan Lopez*