

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

SPN/PTH/KTF/VAZ

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

March 24, 2022

<u>By Electronic Mail and ECF</u>

The Honorable Pamela K. Chen
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: <u>United States v. Full Play Group, SA, et al.</u>
     <u>Criminal Docket No. 15-252 (S-3) (PKC)</u>

Dear Judge Chen:

  The government respectfully submits this letter to alert the Court and the parties that it no longer intends to proceed at trial on the racketeering conspiracy offense charged as the top count (the "RICO Count") of the third superseding indictment in this case (the "Indictment"). The government has come to this decision after lengthy and careful consideration, based principally on defendant Full Play Group, S.A.'s ("Full Play") unusual status in this case and concerns relating to trial efficiency amid continuing and unpredictable COVID-era public health risks and restrictions.

 I. The RICO Count

  The top count of the Indictment, the RICO Count charges Full Play Group, S.A. ("Full Play"), among other defendants, with a wide-ranging racketeering conspiracy based principally on predicate wire fraud and money laundering offenses relating to the payment of bribes and kickbacks to secure broadcasting rights to international soccer events, among other corrupt conduct.[1] Full Play is alleged to have participated in the charged racketeering conspiracy and related wire fraud and money laundering offenses primarily through their involvement in the Copa Libertadores #2 Scheme, the Copa América Scheme, the CONMEBOL World Cup Qualifiers/Friendlies Scheme, and the CONCACAF Media and

---

[1] The RICO Count charges the same racketeering conspiracy proved to verdict during the 2017 trial and to which more than a dozen defendants have pleaded guilty to date in connection with the government's broader investigation and prosecution of corruption in international soccer.

Marketing Rights Scheme, all as defined and described in the Indictment. See, e.g., Ind. ¶¶ 19–20, 60–65, 70–74, 79–85, 100–03, 113–15, 129–35, 146–56, 161–65. Defendants Hernan Lopez and Carlos Martinez are charged with wire fraud conspiracy, wire fraud, and money laundering conspiracy offenses in connection with the Copa Libertadores #2 Scheme but are not charged in the RICO Count. See, e.g., Ind. ¶¶ 21–22, 60–62, 65, 70–74, 129–35.

## II. The Government's Decision Not to Proceed on the RICO Count

The government's decision not to proceed on the RICO Count is based primarily on Full Play's unusual status in this case and the government's interest in ensuring an efficient trial amid the significant challenges and risks posed by the current public health context.[2]

### A. Full Play's Status in the Case

At the time the government charged Full Play in the Indictment, it was uncertain how many of the defendants charged in the RICO Count ultimately would appear before the Court – voluntarily, through extradition, or otherwise – to face the charge at trial. With Reynaldo Vasquez having pleaded guilty and with trial now just two months away, it is all but certain that no additional defendants besides Full Play will join the pending case, even if a defendant were to arrive in the United States in the very near term. Full Play's status as the lone RICO defendant in the case is unusual in several respects, including that its principals, father-and-son defendants Hugo and Mariano Jinkis, who are also charged in the RICO Count, remain in Argentina as fugitives from justice and that the Jinkises apparently have drained Full Play of resources and ceased the company's activity in the market. Because Full Play is charged in several additional counts that cover the core of the company's criminal conduct beyond its involvement in racketeering, the government's interest in pursuing the RICO charge against an inactive shell company with little to no assets is significantly diluted.

### B. Trial Efficiency and Risk Mitigation in the COVID Era

The government's decision not to proceed on the RICO Count is based primarily on concerns relating to the current, evolving public health context and the related interest in trial efficiency. During the course of its preparation for trial, the government has had to contend with various complications arising from the COVID-19 pandemic and related public health measures implemented here and abroad. These complications continue and are sure to have some effect on the parties, the Court, witnesses – particularly those living overseas – and, of course, the jurors who will be called upon to put their lives on hold and render judgment in this case. The Court recognized some of these complications following oral argument when it outlined some of the COVID-related precautions to be taken by the Court and stated that, "especially with a trial this long[, it was] worried about the juror's time." Tr. at 74. In light of the challenges posed to witnesses and jurors, and the risk that a new variant or spike in

---

[2] Secondarily, as a follow-on effect, the decision will alleviate the various concerns voiced by all three defendants relating to purported risks of spillover prejudice arising from the RICO charges.

infections could interrupt the orderly presentation of evidence, the government intends to streamline its case as much as possible. This effort comes in the context of a trial schedule that will cover at least one federal holiday (Memorial Day) but, depending on the length and complexity of the trial, may or may not reach one or, conceivably, both of the two federal holidays that follow (Juneteenth and July 4). By declining to proceed on the RICO Count, the government expects to be in a position to streamline its presentation of evidence. To give just one example, the government would cut its presentation of evidence relating to the CONCACAF Media and Marketing Rights Scheme. In addition, foregoing the RICO Count will substantially simplify the Court's instruction to the jury and the scope and, presumably, length of the jury's deliberations. The government thereby hopes to reduce the number of days needed to try the case and, accordingly, the risks that come with each additional day of trial.

   III.   Conclusion

   For the reasons set forth above, the government does not intend to proceed at trial on the RICO Count.

                                         Respectfully submitted,

                                         BREON PEACE
                                         United States Attorney

                              By:        /s/
                                         Samuel P. Nitze
                                         Patrick T. Hein
                                         Kaitlin T. Farrell
                                         Victor A. Zapana
                                         Assistant U.S. Attorneys
                                         (718) 254-7000

cc:   Counsel of record (by ECF)
      Clerk of Court (PKC) (by ECF)