UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x

UNITED STATES OF AMERICA,

          - against -

FULL PLAY GROUP S.A., HERNAN
LOPEZ, and CARLOS MARTINEZ,

          Defendants.

------------------------------------------------------------x

15-CR-252 (S-3) (PKC)

## DISCLOSURE AND PROTECTIVE ORDER

The Court, upon the Joint Unopposed Motion for a Rule 502(d) Order, recites the following findings:

WHEREAS, under Rule 502(d) of the Federal Rules of Evidence, the United States, Hernan Lopez, and TFCF Corporation (f/k/a 21st Century Fox) (the "Company"), enter into this disclosure and protective order (the "Disclosure and Protective Order") with respect to the disclosure of certain documents and certain related testimony;

WHEREAS, the Company has asserted privilege over certain documents based on the attorney-client privilege and/or the work-product doctrine (together, "privilege");

WHEREAS, the United States has requested the disclosure of certain documents from the Company;

WHEREAS, Lopez has petitioned the Court for *in camera* review of certain documents withheld by the Company;

WHEREAS, the United States and Lopez have disputed the Company's assertions of privilege over certain documents;

1

WHEREAS, the United States and Lopez have endeavored in good faith to identify the universe of privilege assertions that they intend to challenge, and do not intend to challenge any other privilege assertions;

WHEREAS, in order to resolve potential litigation over the disputed privilege assertions, and subject to the entry of this Order limiting the scope of any alleged privilege waiver, the Company intends to produce a limited set of documents, some of which will include redactions, (the "Disputed Documents"), and does not intend to object to questions seeking oral testimony (at trial, in interviews, or otherwise) as to the content disclosed in those documents (the "Disputed Testimony"), so long as the Company concludes that such testimony would not reveal (i) other information or communications protected from disclosure by the attorney-client privilege or the work product doctrine, or (ii) mental impressions, conclusions, opinions, or legal theories protected from disclosure by the work product doctrine;

NOW, THEREFORE, it is hereby ORDERED that:

1. By producing the Disputed Documents pursuant to this Disclosure and Protective Order and/or not objecting to the Disputed Testimony, the Company does not waive any claims of attorney-client privilege and/or work product protection regarding other documents, communications, or information;

2. Should any of the Disputed Documents and/or the Disputed Testimony be found to be subject to the attorney-client privilege and/or work-product protection, the Company shall be deemed to have waived the attorney-client privilege and/or work-product protection solely with respect to the documents, communications and information actually disclosed, and not with respect to any additional documents, communications, or information, and fairness does not require the production of any additional documents, communications, or information;

3. Lopez and the United States may not challenge assertions of privilege made by the Company regarding other documents, communications, or redacted portions of the Disputed Documents, absent a showing of good cause for not having raised those challenges prior to the entry of this Order;

4. In the event that a future privilege dispute arises and the parties are able to resolve that dispute without seeking Court intervention, the Company may produce additional documents or modify certain redactions under the protections of this Order without returning to Court for an amendment to this Order;

5. In the event that a future privilege dispute arises, no party shall argue that the Company's agreement to this Order or disclosure of the Disputed Documents and/or Disputed Testimony waives or undermines in any way the Company's continued assertions of privilege as to other documents, communications, or information;

6. This Disclosure and Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d); and

7. The Company may designate the Disputed Documents as covered by this Order when or after it produces the documents.

Dated: March 28, 2022

*/s/ Pamela K. Chen*
The Honorable Pamela K. Chen