**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

v.

FULL PLAY GROUP, S.A., *et. al.*,

Defendants.

Docket No. 15-CR-252 (PKC)

**DEFENDANTS HERNAN LOPEZ AND CARLOS MARTINEZ'S REQUEST TO CHARGE**

PAMELA K. CHEN, United States District Judge:

Ladies and gentlemen of the jury, now that you have heard all the evidence in the case as well as the arguments of the lawyers, it is my duty to give you instructions as to the law applicable in this case. We are all grateful to you for the close attention you have given to this case thus far. I ask that you continue to do so as I give you these instructions.

As you know, all three of the defendants—Full Play Group ("Full Play"), Hernan Lopez, and Carlos Martinez—are charged with one count of wire fraud conspiracy and one count of money laundering conspiracy as to the Copa Libertadores tournament. In addition, Defendant Full Play is charged with one count of wire fraud conspiracy and money laundering conspiracy as to the CONMEBOL World Cup Qualifiers/Friendlies Scheme and one count each of wire fraud conspiracy and money laundering conspiracy as to the Copa América tournament. The defendants have all pleaded not guilty to these charges and are presumed innocent of the charges.

My instructions will be in three parts:

First, I will instruct you regarding the general rules that define and govern the duties of a jury in a criminal case such as this;

Second, I will instruct you as to the particular crimes charged in this case and the specific elements that the government must prove with respect to each crime; and

Third, I will give you some general rules regarding your deliberations.

## I.     GENERAL INSTRUCTIONS: ROLE OF THE COURT AND JURY

Let me start by restating our respective roles as judge and jury.

Your duty, as I mentioned in my opening instructions, is to find the facts from all of the evidence in this case.  You are the sole judges of the facts, and it is for you and you alone to determine what weight to give the evidence, to resolve such conflicts as may have appeared in the evidence, and to draw such inferences as you deem to be reasonable and warranted from the evidence.

My job is to instruct you on the law.  You must apply the law, in accordance with my instructions, to the facts as you find them.  I remind you of your sworn obligation to follow the law as I describe it to you, whether you agree with it or not.  You should not be concerned about the wisdom of any rule of law that I state.  Regardless of any opinion you may have about what the law may be—or should be—it would be a violation of your oaths as jurors to base your verdict upon any other view of the law than the one given to you in these instructions.

If any of the lawyers have stated a legal principle that differs from any that I state to you in my instructions, you must be guided solely by what I instruct you about the law.

You should not single out any one instruction as alone stating the law, but should consider my instructions as a whole.

Since it is your job—not mine—to find the facts, I have neither expressed nor attempted to intimate an opinion about how you should decide the facts of this case. You should not consider anything I have said or done in the course of the trial, including these instructions, as expressing any opinion about the facts or the merits of this case. This includes sustaining or overruling objections. For example, on occasion, I may have asked questions of a witness. You should attach no special significance to these questions simply because they were asked by me.

## A.    THE DEFINITION OF EVIDENCE

You must determine the facts in this case based solely on the evidence presented, or those inferences which can reasonably be drawn from the evidence presented. Evidence has been presented to you in the form of sworn testimony from the witnesses and documentary exhibits that have been received in evidence by me. As I will also instruct you, certain evidence is admissible only for a limited purpose.

Certain things are not evidence: arguments, statements or summations by the lawyers; objections to the questions or to the offered exhibits; and any testimony that has been excluded, stricken, or that you have been instructed to disregard.

## B.    DIRECT AND CIRCUMSTANTIAL EVIDENCE

As I mentioned in my opening instructions, there are, generally speaking, two types of evidence:  direct and circumstantial. You may use both types of evidence in reaching your verdict in this case. There is no distinction between the weight to be given to these

two types of evidence.  You must base your verdict on a reasonable assessment of all of the evidence in the case.

Direct evidence is testimony from a witness about something he or she knows by virtue of his or her own senses—something he or she has seen, felt, touched, tasted, or heard.

The other type of evidence—circumstantial evidence—is proof of a chain of circumstances that point to the existence or nonexistence of certain facts.  A simple example of circumstantial evidence is as follows:  suppose you came to court on a day when the weather was clear, sunny, and dry.  However, after several hours in the courtroom where there are no windows, you observe a person come in wearing a wet raincoat and another person shaking a wet umbrella.  Without you ever looking outside, you would not have direct evidence that it rained, but you might infer from these circumstances that while you were sitting in court, it rained outdoors.

That is all there is to circumstantial evidence.  On the basis of reason, experience, and common sense, you infer the existence or nonexistence of a fact from one or more established facts.

You are permitted to draw, from the facts that you find to have been proved, such reasonable inferences as would be justified in light of your experience.  Inferences are deductions or conclusions that reason and common sense lead you, the jury, to draw from the facts that have been established by the evidence in the case.  Use your common sense in drawing inferences; however, you are not permitted to engage in mere guesswork or speculation.

There are times when differing inferences may be drawn from facts, whether proved by direct or circumstantial evidence. Perhaps the Government asks you to draw one, and a Defendant asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

No significance should be attached to the fact that a document, other exhibit, or witness testimony was introduced by one party rather than by the other. Any party is entitled to the benefit of any evidence tending to establish its contentions, even though such evidence may have come from witnesses or documents introduced by another party.

### C.    CORPORATE DEFENDANT

The fact that one of the defendants in this case is a corporation does not mean it is entitled to any different consideration from you. A corporate defendant is entitled to the same fair consideration as you would give any individual defendant or any other party.

Of course, a corporation can only act through its agents; that is, its directors, officers, and employees, or other persons authorized to act for it. A corporation is legally responsible for those acts or omissions of its agents made or performed in the course of their employment.

Thus, before you may find a corporate defendant guilty, you must find that the government has proven beyond a reasonable doubt that all of the elements of the offense as I will explain them to you have been met with respect to the corporation in the form of acts or omissions of its agents that were performed within the scope of their employment.

To be acting within the scope of one's employment may be shown in several ways. First, if the act or omission was specifically authorized by the corporation, it would be within the scope of the agent's employment.

Second, even if the act or omission was not specifically authorized, it may still be within the scope of an agent's employment if both of the following have been proven: that the agent intended that his/her act would produce some benefit to the corporation; and that the agent was acting within his/her authority. An act is within an agent's authority if it was directly related to the performance of the kind of duties that the agent had the general authority to perform. Finally, if you find that the agent was not acting within the scope of his/her authority at the time, you should then consider whether the corporation later approved the act. An act is approved after it is performed when another agent of the corporation having full knowledge of the act, and acting within the scope of his/her employment as I just explained it to you, approves the act by his/her words or conduct. A corporation is responsible for any act or omission approved by its agents in this manner.

### D.   WITNESS CREDIBILITY

In deciding what the facts are in this case, you must consider all of the evidence that has been offered. In doing this, you must decide which testimony to believe and which testimony not to believe. You are the sole judges of credibility of the witnesses and the weight their testimony deserves. Your determination of the issue of credibility very largely must depend upon the impression that a witness made upon you as to whether or not that witness was telling the truth or giving you an accurate version of what occurred. You may choose to disbelieve all or part of any witness's testimony. In deciding whether and to

what extent to believe a witness's testimony, you may take into account any number of factors, including the following:

- the witness's opportunity to see, hear, and know about the events he or she described;

- the witness's ability to recall and describe those things;

- the witness's manner in testifying—was the witness candid and forthright or did the witness seem as if he or she was hiding something, being evasive, or suspect in some way;

- how the witness's testimony on direct examination compared with how the witness testified on cross-examination;

- the reasonableness of the witness's testimony in light of all of the other evidence in the case;

- whether the witness had any possible bias, any relationship to a party, any motive to testify falsely, or any possible interest in the outcome of the trial; and

- whether a witness's testimony was contradicted by his or her other testimony, by what that witness said or did on a prior occasion, by the testimony of other witnesses, or by other evidence.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. In weighing the effects of a discrepancy, you should consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from an innocent error or intentional falsehood.

If you find that any statement made by a witness on the stand is false, in whole or in part, you may disregard the particular part you find to be false or you may disregard his or her entire testimony as not worthy of belief.

### E. TESTIMONY OF DEFENDANT

#### 1. [TO BE USED IF DEFENDANT OR PRINCIPALS TESTIFIES]

The defendant or its principals has testified. You should treat this testimony just as you would the testimony of any other witness.

#### 2. [TO BE USED IF DEFENDANT OR PRINCIPAL DOES NOT TESTIFY]

A defendant or its principals in a criminal case has a constitutional right not to testify. In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

### F. TESTIMONY OF LAW ENFORCEMENT OFFICERS

During the trial, you heard testimony from law enforcement officers. The fact that a witness is or was employed by a government as a law enforcement official does not mean that his or her testimony is deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is for you to decide, after weighing all the evidence and in light of the instructions I have given you about the factors relevant to determining the credibility of any witness,

whether to accept the testimony of a law enforcement witness, and what weight, if any, that testimony deserves.

### G.     TESTIMONY OF EXPERT WITNESSES

In this case, I have permitted certain witnesses to express their opinions about matters that are at issue.  A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience, and training.  Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.  In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.  You may give the opinion testimony whatever weight, if any, you find it deserves in light of all of the evidence in this case.  You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion.  Nor should you substitute it for your own reason, judgment, and common sense.  The determination of the facts in this case rests solely with you.

### H.     TESTIMONY OF COOPERATING WITNESSES

In the attorneys' opening and closing arguments, much was argued about "cooperating witnesses" and about whether or not you should believe them.  The government argues, as it is permitted to do, that it must take the witnesses as it finds them. It argues that only people who themselves take part in criminal activity have the knowledge required to show criminal behavior by others.  For those very reasons, the law allows the

use of accomplice and co-conspirator testimony.  Indeed, it is the law in federal courts that the testimony of a single accomplice or co-conspirator may be enough in and of itself to sustain a conviction, if the jury finds that the testimony establishes guilt beyond a reasonable doubt.

However, it is also the case that cooperator testimony is of such a nature that it must be scrutinized with great care and viewed with particular caution when you decide how much of that testimony, if any, to believe.  I have given you some general considerations on credibility and I will not repeat them all here.  Nor will I repeat all of the arguments made on both sides.  Instead, I will say a few things that you may want to consider during your deliberations on the subject of cooperating witnesses.  You should ask yourselves whether these witnesses would benefit more by lying or by telling the truth.  Was their testimony made up in any way because they believed or hoped that they would somehow receive favorable treatment by testifying falsely?  Or did they believe that their interests would be best served by testifying truthfully?  If you believe that a witness was motivated by hopes of personal gain, was this motivation one that would cause him to lie, or was it one that would cause him to tell the truth?  Did this motivation color his testimony at all?

You have also heard testimony from certain witnesses who testified under an agreement with the government in which the witness agreed to testify and the government promised not to prosecute the witness in a federal court for certain criminal conduct.  The testimony of a witness who has been promised that he will not be prosecuted should be examined by you with greater care than the testimony of an ordinary witness.  You should scrutinize it closely to determine whether or not it is colored in such a way as to place guilt

upon the defendant in order to further the witness' own interests; for, such a witness, confronted with the realization that he can win his own freedom by helping to convict another, has a motive to falsify his testimony.

Such testimony should be received by you with suspicion and you may give it such weight, if any, as you believe it deserves. In sum, you should look at all of the evidence in deciding what credence and what weight, if any, you will want to give to the witnesses.

## I. WITNESS INTERVIEWS

There was testimony at trial that the attorneys for the government interviewed witnesses when preparing for and during the course of the trial. There is nothing inappropriate about such meetings. Attorneys have an obligation to prepare their case as thoroughly as possible and, in the discharge of that responsibility, to interview witnesses. However, you may consider the frequency and duration of these preparation sessions, and the impact they may have had on the witness's testimony, in evaluating the credibility of the witness.

## J. NO PARTICULAR PROOF OR SPECIFIC INVESTIGATIVE TECHNIQUES REQUIRED

During the trial you have heard testimony of witnesses and argument by counsel that the government did not utilize specific investigative techniques. You may consider these facts in deciding whether the government has met its burden of proof, because as I told you, you should look to all of the evidence or lack of evidence in deciding whether the defendant is guilty.

However, I instruct you that there is no legal requirement that the government use

any specific investigative techniques to prove its case. Law enforcement techniques are not your concern. Your concern is to determine whether or not, based upon all of the evidence in this case, the government has proven that the defendants are guilty beyond a reasonable doubt as to each count charged against them.

### K.   RECORDINGS AND ENGLISH-LANGUAGE TRANSCRIPTS

The government has offered evidence in the form of recordings of conversations. These recordings were made with the consent and agreement of one of the parties to the conversations, but without the knowledge of some of those who were recorded. The use of this procedure to gather evidence is perfectly lawful, and the government is entitled to use the recordings in this case. The government has also offered evidence in the form of English-language transcripts of foreign-language recordings. The transcripts are translations of the recordings. The transcripts are evidence for you to consider so that you can understand the recordings. You may consider these transcripts like any other evidence in this case.

### L.   PRIOR INCONSISTENT STATEMENTS

You have heard evidence that a witness or witnesses made a statement on an earlier occasion that counsel argues is inconsistent with the witness's trial testimony. Evidence of the prior inconsistent statement was placed before you for the limited purpose of helping you to decide whether to believe the trial testimony of the witness who is claimed to have contradicted himself. If you find that the witness made an earlier statement that conflicts with his or her trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all of the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so, how much weight, if any, to give to the inconsistency in determining whether to believe all or part of the witness's testimony.

## M.     CHARTS AND SUMMARIES

The parties presented exhibits in the form of charts and summaries. These charts and summaries were shown to you in order to make the other evidence more meaningful and to aid you in considering the evidence. They are no better than the documents upon which they are based, and are not themselves independent evidence. Therefore, you are to give no greater consideration to these schedules, or summaries than you would give to the evidence upon which they are based. It is for you to decide whether the charts, schedules or summaries correctly present the information contained in the testimony and in the exhibits on which they were based. You are entitled to consider the charts, schedules, and summaries if you find that they are of assistance to you in analyzing and understanding the evidence.

## N.     DEMONSTRATIVE EXHIBITS

The parties have shown you demonstrative exhibits in the form of flowcharts,

organizational charts, and diagrams. Those demonstrative exhibits do not constitute evidence, but are simply visual depictions that the parties have used in an effort to summarize the evidence in order to aid the jury. It is for you, the jury, to decide whether a demonstrative exhibit in fact accurately summarizes the evidence.

### O.    STIPULATIONS

A stipulation is an agreement among the parties that a certain fact is true. You should regard such agreed facts as true.

### P.    GUILTY PLEAS OF OTHER INDIVIDUALS

You have heard testimony from witnesses who pleaded guilty to charges arising out of the same facts as this case or related cases. You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of the defendants on trial from the fact that other individuals pleaded guilty to similar charges. Their decisions to plead guilty were personal decisions about their own guilt. Those decisions may not be used by you in any way as evidence against or unfavorable to the defendants on trial here.

### Q.    OTHER PERSONS NOT ON TRIAL

You have heard evidence about the involvement of certain other people in the conduct referred to in the Indictment, besides the three defendants and certain witnesses. You may not draw any inference, favorable or unfavorable, toward the government or the defendants from the fact that certain persons are not on trial before you. That these individuals are not on trial before you is not your concern. You should neither speculate as to the reason these people are not on trial before you nor allow their absence as parties to influence in any way your deliberations in this case. Nor should you draw any inference

from the fact that any other person is not present at this trial.  Your concern is solely the defendants on trial before you.

### R.    INDIVIDUAL CONSIDERATION OF EACH DEFENDANT

As I will instruct you momentarily, the Indictment contains a number of different counts or charges against the defendants.  Each count charges one or more of the defendants with a different crime.  You must consider each count separately and return a separate verdict of guilty or not guilty for each count.  Whether you find a defendant guilty or not guilty as to one count should not affect your verdict as to any of the other charged counts, except to the extent that certain counts are necessary elements of other counts, as I will describe for you.  Although the defendants have been charged together in one or more counts of the Indictment and are being tried together, you must evaluate the evidence against each defendant individually and determine whether each defendant is not guilty or guilty on a particular count individually.

### S.    NO SYMPATHY OR BIAS

In determining the issues of fact and rendering a verdict in this case, you should perform your duty with complete impartiality and without bias, sympathy, or prejudice as to any party.  All parties are equal before the law and are entitled to the same fair consideration.  The Court expects that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

### T.    PUNISHMENT

The question of possible punishment of a defendant is of no concern to the jury and

should not, in any sense, enter into or influence your deliberations. The duty of imposing a sentence on a particular defendant in the event of a conviction rests exclusively upon the court. Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence. Under your oath as jurors, you cannot allow a consideration of the punishment that may be imposed upon the defendant, if he is convicted, to influence your verdict, in any way, or, in any sense, enter into your deliberations.

### U.    PRESUMPTION OF INNOCENCE AND BURDEN OF PROOF

I will now give specific instructions regarding the presumption of innocence and the burden of proof in this case.

The defendants have pleaded not guilty to the charges in the Indictment. To convict the defendants, the burden is on the government to prove the defendants' guilt of each element of each charge beyond a reasonable doubt. This burden never shifts to the defendants, for the simple reason that the law presumes the defendants to be innocent and never imposes upon the defendants in a criminal case the burden or duty of calling any witness or producing any evidence.

In other words, each defendant starts with a clean slate and is presumed innocent of each charge until such time, if ever, that you as a jury are satisfied that the government has proven a given defendant is guilty of a given charge beyond a reasonable doubt.

You may be wondering what constitutes a "reasonable doubt." The words almost define themselves. It is a doubt based upon reason. It is a doubt that a reasonable person has after carefully weighing all of the evidence. It is a doubt that would cause a reasonable

person to hesitate to act in a matter of importance in his or her personal life. Proof beyond a reasonable doubt must, therefore, be proof that is so convincing that a reasonable person, based on that proof, would not hesitate to rely upon in making an important decision.

A reasonable doubt is not caprice or whim. It is not speculation or suspicion. It is not an excuse to avoid the performance of an unpleasant duty. The law does not require that the government prove guilt beyond all possible doubt: proof beyond a reasonable doubt is sufficient to convict.

If, after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of the defendant's guilt with respect to a particular charge against him, you should find the defendant guilty of that charge. On the other hand, if after fair and impartial consideration of the evidence, you have a reasonable doubt as to the defendant's guilt with respect to a particular charge against him, you must find the defendant not guilty of that charge. If you view the evidence in the case as reasonably permitting either of two conclusions—one that the defendant is not guilty, the other that the defendant is guilty—you must, of course, adopt the conclusion that the defendant is not guilty.

## II. SUBSTANTIVE LAW

I will now turn to the second part of this charge and instruct you as to the legal elements of the criminal counts the government has alleged. The defendants are formally charged in a superseding indictment, which I will simply call the Indictment. As I instructed you at the outset of this case, an indictment is a charge or accusation. The Indictment in this case contains a number of separate counts, and you will be called upon to render a separate verdict on each of them. Counts One and Two of the Indictment charge

Defendants Full Play, Hernan Lopez, and Carlos Martinez each with wire fraud conspiracy and money laundering conspiracy, respectively, as to the Copa Libertadores tournament. Counts Three and Four charge Defendant Full Play with wire fraud conspiracy and money laundering conspiracy, respectively, as to CONMEBOL World Cup Qualifiers/Friendlies. Counts Five and Six charge Defendant Full Play with wire fraud conspiracy and money laundering conspiracy, respectively, as to the Copa América tournament. You should not speculate as to why some defendants are or are not charged in certain counts of the Indictment.

### A.     VENUE

Venue refers to the location of the charged crimes. The Indictment alleges that the crimes charged occurred in part in this judicial district, the Eastern District of New York. This district encompasses the boroughs of Brooklyn, Queens, and Staten Island, as well as Nassau and Suffolk Counties on Long Island, and the waters surrounding Manhattan. To establish that venue for a charged crime is appropriate in this district, the government must prove that some act in furtherance of the crime occurred here. This means that with respect to the crime charged, even if other acts were committed outside this district or if the crime was completed elsewhere, venue is established in the Eastern District of New York so long as some act in furtherance of the crime took place in this district. Indeed, a defendant need not personally have been present in the district for venue to be proper. Venue turns on whether any part of the crime or any act in furtherance of the offense was committed in the district. While the government's burden as to everything else in the case is proof beyond a reasonable doubt, a standard that I have already explained to you, venue need only be

proved by the lesser standard of "preponderance of the evidence." To prove something by a preponderance of the evidence means simply to prove that the fact is more likely true than not true. I emphasize that this lesser standard applies only where I specifically mention it in this charge. If you find that the government has failed to prove by a preponderance of the evidence that any act in furtherance of the count you are considering occurred within this district, you must find the defendant or defendants charged in that count not guilty.

### B.    DATES APPROXIMATE

The Indictment charges "in or about" and "on or about" and "between" certain dates. The proof need not establish with certainty the exact date of an alleged offense. It is sufficient if the evidence establishes beyond a reasonable doubt that an offense was committed on a date reasonably near the dates alleged.

### C.    KNOWLEDGE, INTENT, AND WILLFULNESS

Because the Indictment charges a number of separate counts, and because all of these charges require you to consider the concepts of knowledge and intent, and specific words that describe different types of knowledge and intent, I will tell you now about those concepts before I address each of the charges specifically.

### 1.    Knowingly

Certain allegations in the Indictment require that in order to sustain its burden of proof, the government must prove that a defendant acted "knowingly." A defendant acts knowingly if he acts purposefully and voluntarily, and not because of ignorance, mistake, accident, or carelessness. Whether a defendant acted knowingly may be proven by his

conduct and by all of the facts and circumstances surrounding the case.

### 2. Intentionally

Certain allegations in the Indictment require that in order to sustain its burden of proof, the government must prove that a defendant acted "intentionally." Before you can find that a defendant acted intentionally, you must be satisfied beyond a reasonable doubt that the defendant acted deliberately and purposefully. That is, a defendant's acts must have been the product of his conscious, objective decision, rather than the product of mistake or accident.

### 3. Willfully

A person acts "willfully" if he participates voluntarily and intentionally; that is, with a bad purpose to do something the law forbids—in other words, with a bad purpose either to disobey or disregard the law.

### D. CONSPIRACY COUNTS

The charges in the Indictment allege that the defendants participated in conspiracies. Therefore, first, I will instruct you on the elements of conspiracy. Later I will give you instructions on the various laws that the Indictment charges that the defendants conspired to violate.

### 1. Conspiracy Generally

A conspiracy is an agreement by two or more persons to accomplish some unlawful purpose. It is sometimes referred to as a criminal partnership. The crime of conspiracy is an offense separate from the crime the alleged conspirators intended to commit. A conspiracy is in and of itself a crime. If a conspiracy exists, even if it fails to achieve its

purpose, it is still punishable as a crime.

The government has charged one or more of the defendants with conspiracies. The following are the elements of the crime of conspiracy:

First:    two or more persons entered into the particular unlawful agreement charged in the conspiracy count that you are considering; and

Second:    the defendant knowingly and willfully became a member of the conspiracy.

The first element requires that the government prove that at least two conspirators had a meeting of the minds, and that they agreed to work together to accomplish the object of the charged conspiracy, which as charged in the Indictment is that the defendant agreed to pay, did pay, and facilitated the concealment of annual bribe and kickback payments to certain high-ranking CONMEBOL officials in exchange for the officials' support of T&T as the holder of the rights to the Copa Libertadores and other soccer events.

To establish a conspiracy, the government is not required to prove that the conspirators sat around a table and entered into a solemn contract, orally or in writing, stating that they have formed a conspiracy to violate the law, setting forth details of the plans, the means by which the unlawful project is to be carried out, or the part to be played by each conspirator. Common sense would suggest that when people do, in fact, undertake to enter into a conspiracy, much is left to an unexpressed understanding. A conspiracy, by its very nature, is almost invariably secret in both origin and execution. Therefore, it is sufficient for the government to show that the conspirators somehow came to a mutual understanding, even if tacitly, to accomplish an unlawful act by means of a joint plan or

common scheme.

Because conspiracy is usually characterized by secrecy, you may infer its existence from the circumstances and the conduct of the parties and others involved. You may consider the actions and statements of all of these persons in deciding whether a common design existed to act together for the accomplishment of an unlawful purpose. In short, you may consider all the evidence before you, and the reasonable inferences that may be drawn from all this evidence.

The second element requires that the government prove that the defendant you are considering was a member of that conspiracy. That is, you must determine whether he knowingly and intentionally became a participant in the conspiracy. I have already instructed you as to the terms "knowingly" and "willfully." You should give the word "voluntarily" its common meaning. The terms "willfully" and "knowingly" are distinct and essential elements under the law, each of which the Government must prove beyond reasonable doubt. In deciding whether the defendant was a participant in or member of a conspiracy, you must consider whether, based upon all of the evidence, the defendant knowingly and willfully joined that conspiracy: that is, that he participated in it with knowledge of its unlawful purpose and with the specific intention of furthering one or more of its objectives. Proof of a financial interest in the outcome of a scheme is not essential, although if you find that a defendant did have a financial interest in the outcome of a scheme, you may consider that as evidence of a defendant's motive to join the conspiracy. In that regard, it has been said that in order for a defendant to be deemed a participant in a conspiracy, he must have had a stake in the venture or its outcome. You are instructed that,

while proof of a financial interest in the outcome of a scheme is not essential, if you find that the defendant had such an interest, that is a factor that you may properly consider in determining whether or not the defendant was a member of the conspiracy charged in the indictment.

A defendant's knowledge is a matter of inference from the facts proved. To become a member of the conspiracy, a defendant need not have known the identities of every member, nor need he have been apprised of all of their activities. A defendant need not have been fully informed of all the details, or the scope, of the conspiracy in order to justify an inference of knowledge on his part.

A defendant need not have joined in all of a conspiracy's unlawful objectives. A conspirator's guilt is not measured by the extent or duration of his participation. Some conspirators may play major roles, while others may play minor ones. Each member may perform separate and distinct acts and may perform them at different times. Even a single act may be sufficient to draw a defendant within the circle of a conspiracy.

I want to caution you, however, that a defendant's mere presence at the scene of criminal activities, or at locations frequented by criminals, does not, by itself, make him a member of the conspiracy. Similarly, mere association with one or more members of the conspiracy does not automatically make a defendant a member. A person may know or be friendly with a criminal without being a criminal himself. Indeed, a person may be a criminal without being a member of the charged conspiracy. Mere similarity of conduct or the fact that individuals may have assembled together and discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy.

I further caution you that mere knowledge or acquiescence without participation in the unlawful plan is not sufficient. The fact that the acts of a defendant merely happen to further the purposes or objectives of the conspiracy, without his knowledge, does not make that defendant a member. More is required under the law. What is necessary is that a defendant must have participated with knowledge of at least some of the unlawful purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

The necessary knowledge on the part of the defendant regarding the object of the conspiracy cannot be established by showing the defendant was merely careless, or negligent, or stupid, or foolish, or that the defendant should have known what was going on. If the defendant actually believed that the agreed-upon conduct was about something else entirely, or was merely foolish, careless, even reckless about the risk that the defendant was wrong, then you cannot find the defendant guilty of conspiracy.

In sum, the defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised or assisted in it for the purpose of furthering the illegal undertaking. The defendant thereby becomes a knowing and willing participant in the unlawful agreement—that is to say, a conspirator.

As I mentioned a moment ago, before the defendant can be found to have been a conspirator, you must first find that the defendant knowingly joined in the unlawful agreement or plan. The key question, therefore, is whether the defendant joined the conspiracy with an awareness of at least some of the basic aims and purposes of the unlawful agreement.

It is important for you to note that the defendant's participation in the conspiracy must be established by independent evidence of the defendant's own acts or statements, as well as those of the other alleged co-conspirators, and the reasonable inferences that may be drawn from them.

### 2. Co-conspirator Statements and Criminal Liability

The charges against the defendants allege that they participated in conspiracies. In that regard, I admitted into evidence against each defendant the acts and statements of others because these acts and statements were committed by persons who, the government charges, were also co-conspirators of the defendants on trial.

The reason for allowing this evidence to be received against each defendant has to do with the nature of the crime of conspiracy. A conspiracy is often referred to as a partnership in crime. As in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Accordingly, the reasonably foreseeable acts, declarations, statements, and omissions of any member of the conspiracy, and in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts of all of the members, and all of the members are responsible for such acts, declarations, statements, and omissions. Whether the acts, declarations, statements, and omissions of any member of the conspiracy are reasonably foreseeable to a defendant are factual questions for your determination.

Thus, if you find beyond a reasonable doubt that a defendant was a member of a conspiracy charged in the Indictment, then any acts done or statements made in furtherance

of the conspiracy by persons also found by you to have been members of that conspiracy at the time those acts were committed or statements were made may be considered against that defendant so long as the acts or statements were reasonably foreseeable to the defendant. This is so even if such acts were done and statements were made in a defendant's absence and without his knowledge.

However, before you may consider the statements or acts of a co-conspirator in deciding the issue of a defendant's guilt, you must first determine that the acts and statements were made during the existence of, and in furtherance of, the unlawful scheme. If the acts were done or the statements made by someone whom you do not find to have been a member of the conspiracy, or if they were not done or said in furtherance of the conspiracy, they may not be considered by you as evidence against a defendant.

Relatedly, let me clarify one point about how you may consider statements made by a conspirator who agrees at some point to cooperate with the government. A statement made by a co-conspirator during and in furtherance of the conspiracy before he begins to cooperate with the government's investigation may be considered for its truth as a co-conspirator statement. However, a statement made by a co-conspirator who was cooperating with the government's investigation at the time he made the statement may only be considered as context for other co-conspirator statements, and not for the truth of that particular statement, unless the statement was adopted by a conspirator who was not cooperating with the investigation at that time. This is because when a conspirator agrees to cooperate with the government's investigation, he is deemed to no longer be part of the conspiracy. This also applies to statements contained in the audio recordings you heard

that were made by an alleged conspirator who was cooperating with the government at the time he made the recordings and statements on the recordings.

### E. COUNTS ONE, THREE, AND FIVE: WIRE FRAUD CONSPIRACY

In Count One of the Indictment, the defendants Full Play, Hernan Lopez, and Carlos Martinez are charged with wire fraud conspiracy related to the Copa Libertadores Tournament. Count One reads as follows:

> In or about and between 2000 and 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants FULL PLAY, HERNAN LOPEZ, and CARLOS MARTINEZ, together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud FIFA and CONMEBOL and their constituent organizations, including to deprive FIFA and CONNIEBOL and their constituent organizations of their respective rights to honest and faithful services through bribes and kickbacks, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds, to wit: wire transfers, telephone calls and emails, contrary to Title 18, United States Code, Section 1343.

Full Play is also charged with wire fraud conspiracy in Counts Three and Five. Count Three relates to the CONMEBOL World Cup Qualifiers/Friendlies and provides as follows:

> In or about and between 2009 and 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants HUGO JINKIS, MARIANO JINKIS, FULL PLAY and LUIS CHIRIBOGA, together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud FIFA and CONMEBOL and their constituent organizations, including to deprive FIFA and CONMEBOL and their constituent organizations of their respective rights to honest and faithful services through bribes and kickbacks, and to obtain money and property by means of materially false and fraudulent pretenses,

27

representations and promises, and for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds, to wit: wire transfers, telephone calls and emails, contrary to Title 18, United States Code, Section 1343.

Count Five relates to the Copa América and provides as follows:

In or about and between 2010 and 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants HUGO JINKIS, MARIANO JINKIS, FULL PLAY, MANUEL BURGA, LUIS CHIRIBOGA, MARCO POLO DEL NERO, EDUARDO DELUCA, EUGENIO FIGUEREDO, JOSE LUIS MEISZNER, ROMER OSUNA and RJCARDO TEIXEIRA, together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud FIFA, CONCACAF and CONMEBOL and their constituent organizations, including to deprive FIFA, CONCACAF and CONMEBOL and their constituent organizations of their respective rights to honest and faithful services through bribes and kickbacks, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs signals, pictures and sounds, to wit: wire transfers, telephone calls and emails, contrary to Title 18, United States Code, Section 1343.

The relevant statute on this subject is 18 U.S.C. § 1349, which provides, in pertinent part, that "[a]ny person who attempts or conspires to commit [mail fraud or wire] fraud shall [have committed an offense]."

### 1. Wire Fraud Conspiracy

I have already instructed you with respect to the law of conspiracy. Those same principles apply here and I will not repeat every instruction again. As a reminder, the government need not prove that each respective defendant actually committed the unlawful act charged as the object of the conspiracy in Counts One, Three, or Five, that is, wire fraud. Rather, in order to find either Defendants Full Play, Hernan Lopez, or Carlos

Martinez guilty of the wire fraud conspiracy charged in Count One, or the defendant Full Play guilty of the wire fraud conspiracies charged in Counts Three or Five, the government must prove beyond a reasonable doubt the two following elements as to each count:

First:            at least two conspirators had a meeting of the minds, and that they agreed to work together to accomplish the object of the charged conspiracy, which as charged in the Indictment is an agreement to pay, and facilitate the concealment of annual bribe and kickback payments to certain high-ranking CONMEBOL officials in exchange for the officials' support of T&T as the holder of the rights to the Copa Libertadores and other soccer events; and

Second:        the defendant you are considering knowingly and willfully became a member of the conspiracy.

In addition, with respect to the use of the wires contemplated by the conspiracies charged in Counts One, Three, and Five, the government must prove beyond a reasonable doubt the particular use charged in the Indictment, that is, wire transfers, telephone calls, and emails.

However, I remind you that the crime of conspiracy—an agreement—to violate a law, as charged in of these counts of the Indictment, is an independent offense. It is

separate and distinct from the actual violation of any specific law, such as the law prohibiting honest services wire fraud. Accordingly, you may find the defendants guilty of the offenses charged in Counts One, Three, and Five even if you find that wire fraud was never actually committed.

### 2. Wire Fraud: Definition and Elements

I will now define wire fraud, which is alleged to be the object of the conspiracies charged in Counts One, Three, and Five of the Indictment. The federal wire fraud statute, Title 18, United States Code, Section 1343 provides that:

Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signals, pictures or sounds for the purpose of executing such scheme or artifice shall be [guilty of a crime]. Section 1346, which addresses wire fraud, provides that the term "scheme or artifice to defraud" includes a scheme or artifice to deprive another of the intangible right of honest services. Under section 1346, honest services fraud is limited only to schemes involving bribes or kickbacks. These laws were passed by Congress to protect against the various fraudulent schemes that could be devised by individuals through the use of interstate wires. To establish wire fraud, the government must prove beyond a reasonable doubt the following elements:

First:       That each defendant knowingly devised or participated

in a scheme or artifice to deprive FIFA, CONCACAF,

|        | CONMEBOL, or their constituent organizations of their right to the honest services of their officials by false and fraudulent pretenses, representations, or omissions; |
|--------|---|
| Second: | That each defendant did so knowingly and willfully with intent to defraud; |
| Third: | That the misrepresentation or omission was material; and |
| Fourth: | The use of the wires in furtherance of the scheme. |

I will now explain further about each element of wire fraud.

<u>First Element: Scheme or Artifice to Defraud</u>

The first element that the government must prove beyond a reasonable doubt is that the defendant knowingly devised or participated in a scheme or artifice to defraud FIFA, CONCACAF, CONMEBOL, or their constituent organizations of their intangible right of honest services by means of false or fraudulent pretenses, representations, or promises.

A "scheme" is any plan or course of action formed with the intent to accomplish some purpose. Thus, to find each defendant guilty of this offense, you must find that the defendant was involved in a fraudulent scheme to deprive the victim soccer organization of honest services through bribes or kickbacks. In this case, the government has alleged that the various soccer organizations, including FIFA, CONCACAF, CONMEBOL, and their constituent organizations, were deprived of their intangible right to the honest services of their officials through bribes or kickbacks. Therefore, the government must prove beyond a reasonable doubt that a defendant was involved in a fraudulent scheme to deprive these organizations of honest services through bribes or kickbacks.

"Fraud" is a general term that embraces all the various means that human ingenuity can devise and that are resorted to by an individual to gain an advantage over another by false pretenses, suggestions, or suppression of the truth. Such a scheme includes one to defraud the soccer organization by an officer, employee, or person in a relationship that gives rise to a fiduciary duty, that is, where the person owes a duty of honest and loyal service to the soccer organization; in other words, where there is a trusting relationship in which the person acts for the benefit of the soccer organization and the organization relied on the individual to carry out his or her job duties for the benefit of the organization. Whether each defendant had a fiduciary duty to a soccer organization, the source of that fiduciary duty, what that fiduciary duty required or prohibited, is a question of fact for you to determine. In determining the source and scope, you may take into consideration codes of conduct, if any, that would have applied to the relationship, as well as local, state, and federal law.[1] I will refer to the person who owes a fiduciary duty to a soccer organization as an "official." The government argues that the defendants in this case knowingly and willfully devised a scheme and artifice to defraud FIFA and CONMEBOL and their constituent organizations of their respective rights to honest and loyal services by paying or by accepting a private payment, which they allege constitutes a bribe or kickback. Bribery and kickbacks involve the exchange of a thing or things of value for official action by an official, in other words, a **quid pro quo** (a Latin phrase meaning "this for that" or

---

[1] *See, e.g., U.S. v. Smith*, 985 F.Supp.2d 547, 595-599 (S.D.N.Y. 2014) (describing that the question of where the fiduciary duty is drawn from—whether state or federal law as well as the exact body of law—is unsettled but requires consideration).

"these for those").  Bribery and kickbacks also include offers and solicitations of things of value in exchange for official action.  Bribery and kickbacks also include the official's acceptance, solicitation, or agreement to accept a thing of value in exchange for official action, regardless of whether or not the payor actually provides the thing of value, and regardless of whether the official ultimately performs the official action or intends to do so.  Whether a thing of value was exchanged with a willful intent to corrupt, or caused a decision to be made dishonestly based on a secret payment, is a question of fact for you to determine, like any other fact question.

The term "official act" includes a decision or action on a matter involving the formal exercise of the organization's power akin to awarding a contract or instituting a lawsuit.  The term "official act" also includes using one's official position to exert pressure on another official to perform an official act.

Standing alone, setting up a meeting, calling another official, or hosting an event is not an "official act."  This is not to say that setting up a meeting, calling another official, or hosting an event is irrelevant.  If an official sets up a meeting, hosts an event, or makes a phone call on a question or matter that is or could be pending before another official, that can serve as evidence of an agreement to take an official act.  Whether or not an official took an official act or agreed to do so is a question of fact for you to determine, like any other fact question.

The official and the payor need not state the <u>quid pro quo</u> in express terms, otherwise, the law's effect could be frustrated by knowing winks and nods.  Similarly, a

scheme to defraud need not be shown by direct evidence. Rather, the intent to exchange may be implied from the official's words and actions.

Bribery and kickbacks require the intent to effect an exchange of money or other thing of value for official actions, but each payment need not be correlated with a specific official act. If the government establishes the <u>quid pro quo,</u> the specific transactions comprising the illegal scheme need not match up this for that. In other words, the intended exchange in bribery can be "this for these" or "these for these," not just "this for that." It is enough that the government proves that a particular payment or promise to provide something of value is made in exchange for a commitment to perform official acts to benefit the payor in the future. A payment made without a promise, understanding or inducement to perform an action does not meet the requirements of a bribe.

The government is not required to prove an explicit promise at the time of payment to perform certain acts. Rather, the requisite <u>quid quo pro</u> may be satisfied upon a showing that an official received a benefit in exchange for his promise to perform official acts as specific opportunities arise. In other words, the honest services fraud statute criminalizes schemes involving payments at regular intervals in exchange for specific official acts as the opportunities to commit those acts arise, even if the opportunity to undertake the requested act has not arisen, and even if the payment is not exchanged for a particular act but given with the expectation that the official will exercise particular kinds of influence. It is not a defense to claim that an official would have lawfully performed the official action in question even without having accepted a thing of value or that the official action is actually lawful, desirable, or even beneficial to the organization. Also, it is not necessary for the

government to prove that the scheme actually succeeded, or that any official act was actually taken by the official in the course of the scheme. What the government must prove is that the defendant knowingly devised or participated in a scheme or artifice to defraud the organization or organizations of their right to honest services through bribes or kickbacks. However, the government must prove that the payment or promise to pay was made with a fraudulent intent or to deceive the organization. The offense of honest services fraud is not concerned with the wisdom or results of the soccer official's decisions, but rather with the manner in which the official makes his or her decisions.

The government is not required to prove that the defendant personally originated the scheme to defraud as long as the government proves that the defendant knowingly devised or participated in it. Furthermore, it is not necessary that the government prove that the defendant actually realized any gain from the scheme or that the intended victim actually suffered any loss. At the same time, you may consider whether the scheme succeeded and any payment caused any officer to fraudulently change his conduct in determining whether a scheme existed.

Second Element: Participation in Scheme With Intent

The second element of wire fraud is that the defendant devised or participated in the scheme knowingly, willfully, and with specific intent to defraud. The definitions of knowingly, willfully and intentionally here are the same as the definitions that I gave you earlier. The terms "willfully" and "knowingly" are distinct and essential elements under the law, each of which the Government must prove beyond reasonable doubt.

"Intent to defraud" means to act knowingly and with the specific intent to deceive,

for the purpose of depriving the soccer organization or organizations of their right to the honest services of their officials—i.e., their right to the official's faithful performance of his fiduciary duties to the organization, including the duty to not accept personal payments in exchange for official acts on behalf of the organization. The deceit may consist of the concealment of the things of value that the official has solicited or received, or the official's implicit false pretense to the organization that he remains loyal to the organization's interests. The government need not prove that the defendant intended to cause economic or pecuniary harm or that any such harm actually resulted from the fraud. Whether a person acted knowingly, willfully, and with intent to defraud is a question of fact for you to determine, like any other fact question. This question involves one's state of mind.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them. Circumstantial evidence, if believed, is of no less value than direct evidence. In either case, the essential elements of the crime must be established beyond a reasonable doubt.

Since an essential element of the crime charged is intent to defraud, it follows that good faith on the part of the defendant is a complete defense to wire fraud. However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith. A defendant has no burden to establish a defense of good faith. The burden is on the government to prove fraudulent intent and the consequent lack of good faith beyond a reasonable doubt. Even false representations or statements, or omissions of material facts

do not amount to a fraud unless done with fraudulent intent. However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith.

In sum, in order to prove wire fraud, the government must prove beyond a reasonable doubt that the defendant knew that his conduct as a participant in the scheme was calculated to deceive and he nonetheless participated in the alleged fraudulent scheme for the purpose of depriving an organization or organizations of the honest services of at least one individual who owed a fiduciary duty to such organization or organizations. To conclude on this element, if you find that the defendant was not a knowing participant in the scheme or that he lacked the specific intent to defraud, you should find the defendant not guilty. On the other hand, if you find that the government has established beyond a reasonable doubt not only the first element, namely the existence of the scheme to defraud, but also this second element, that the defendant was a knowing and willful participant and acted with specific intent to defraud, and if the government also establishes the third element, as to which I am about to instruct you, then you have a sufficient basis upon which to convict the defendant.

Third Element: Materiality

The third element that the government must prove is that the scheme or artifice to defraud involved a material misrepresentation, false statement, false pretense, or concealment of fact. The failure to disclose information may constitute a fraudulent representation if the defendant was under a professional or fiduciary duty to make such a disclosure, the defendant actually knew such disclosure was required to be made, and the defendant failed to make such disclosure with the intent to defraud. The act of disclosing need not take any official or specific form or use magic words, but rather requires you to

assess whether the relevant entity, here the relevant soccer organization, knew sufficiently of the act or acts which the government now claims were omitted from disclosure to the entity. A representation, statement, false pretense, or omission is "material" if it is one that would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision. Here, the government alleges that the officials' failure to disclosure the payments they were receiving was material. It is up to you to determine whether the government have proven the element of materiality.

Fourth Element: Use of the Wires

The fourth and final element the government must establish beyond a reasonable doubt to prove wire fraud is the use of an interstate or international wire communication in furtherance of the scheme to defraud. It is not necessary for the defendant to be directly or personally involved in the wire communications, as long as the wire communication was reasonably foreseeable in the execution of the alleged scheme to defraud. Evidence that a defendant agreed to cause the wires to be used by others is sufficient. This does not mean that a defendant must specifically have authorized others to do the communication. When one does an act with knowledge that the use of the wires will follow in the ordinary course of business or where such use of the wires can be reasonably foreseen, even though not actually intended, then he causes the wires to be used for the purposes of the element. The use of the wires need not itself transmit a fraudulent representation. It must, however, further or assist in the carrying out of the scheme to defraud.

It is not necessary that all or most of the wire communications involved in the

alleged scheme to defraud were sent to, from, or within the United States. However, for the wire-use element to be satisfied, the scheme to defraud must make more than minimal use of wire communications that pass between two or more states or between the United States and a foreign country.

### F.    COUNTS TWO, FOUR, AND SIX:  MONEY LAUNDERING CONSPIRACY

In Count Two of the Indictment, the defendants Full Play, Hernan Lopez, Carlos Martinez are charged with money laundering conspiracy related to the Copa Libertadores Tournament. Count Two provides as follows:

> In or about and between 2000 and 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants FULL PLAY, HERNAN LOPEZ, and CARLOS MARTINEZ, together with others, did knowingly and intentionally conspire to transport, transmit and transfer monetary instruments and funds, to wit: wire transfers, from places in the United States to and through places outside the United States and to places in the United States from and through places outside the United States, with the intent to promote the carrying on of specified unlawful activity, to wit: wire fraud, contrary to Title 18, United States Code, Section 1343, all contrary to Title 18, United States Code, Section l956(a)(2)(A).  (Title 18, United States Code, Sections 1956(h) and 355 1 et seq.)

> Full Play was also charged with money laundering conspiracy in Counts Four and Six.  Count Four provides:

> In or about and between 2009 and 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants HUGO JINKIS, MARIANO JINKIS, FULL PLAY and Luis CHIRIBOGA, together with others, did knowingly and intentionally conspire to transport, transmit and transfer monetary instruments and funds, to wit: wire transfers, from places in the United States to and through places outside the United States and to places in the United States from and through places outside the United States, with the intent to promote the carrying on of specified unlawful activity, to wit: wire fraud, contrary to Title 18, United

States Code, Section 1343, all contrary to Title 18, United States Code, Section 1956(a)(2)(A).

Count Six provides:

In or about and between 2010 and 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants HUGO JINKIS, MARIANO JINKIS, FULL PLAY, MANUEL BURGA, LUIS CHIRIBOGA, MARCO POLO DEL NERO, EDUARDO DELUCA, EUGENIO FIGUEREDO, JOSE, LUIS MEISZNER, ROMER OSUNA and RICARDO TEIXEIRA, together with others, did knowingly and intentionally conspire to transport, transmit and transfer monetary instruments and funds, to wit: wire transfers, from places in the United States to and through places outside the United States and to places in the United States from and through places outside the United States, with the intent to promote the carrying on of specified unlawful activity, to wit: wire fraud, contrary to Title 18, United States Code, Section 1343, all contrary to Title 18, United States Code, Section 1956(a)(2)(A).

Section 1956(h) of Title 18, United States Code provides that "[a]ny person who conspires to commit any offense defined in this section [shall be guilty of a crime]." As I have explained, the object of a conspiracy is the illegal goal the co-conspirators agree or hope to achieve. Counts Two, Four, and Six of the indictment charge that the object of the conspiracy was money laundering in violation of Section 1956(a)(2)(A) of Title 18, United States Code, which provides:

Whoever transports, transmits, or transfers, or attempts to transport, transmit, or transfer a monetary instrument or funds from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States with the intent to promote the carrying on of specified unlawful activity [shall be guilty of a crime].

The elements of the substantive crime of money laundering in violation of section 1956(a)(2)(A) that the government must establish beyond a reasonable doubt are:

First, that the defendant transported, or attempted to transport, a monetary instrument or funds from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States.

The term "funds" refers to money or negotiable paper that can be converted into currency. "Transportation" is not a word that requires a definition; it is a word which has its ordinary, everyday meaning. The government need not prove that the defendant physically carried the funds or monetary instrument in order to prove that he is responsible for transporting it. The term also includes wire transfers as well as physical conveyances of money. All that is required is proof that the defendant caused the funds or monetary instrument to be transported. To satisfy this element, the government must also prove that the funds or monetary instruments were transported from somewhere in the United States to or through someplace outside the United States or to someplace in the United States from or through someplace outside the United States.

The term "monetary instrument" includes, among other things, money, coins or currency of the United States or any other country, personal checks, traveler's checks, cashier's checks, bank checks, money orders, and investment securities or negotiable instruments in bearer form or otherwise in such a form that title passes on delivery.

Second, the government must prove beyond a reasonable doubt that the defendant acted with the intent to promote the carrying on of specified unlawful activity.

The term "specified unlawful activity" means one of a variety of offenses defined by the statute. In this case, the government has alleged that the offense in question is honest

services wire fraud, the elements of which I explained earlier. I instruct you that, as a matter of law, honest services wire fraud falls within the definition of specified unlawful activity. However, if you find that the government has failed to prove beyond a reasonable doubt that there has been honest services wire fraud, then you must find that no specified unlawful activity occurred and thus that there is no money laundering. That is, only the fraud relating to honest services, if found, can serve as a basis for a determination that money laundering could have occurred if the other elements are satisfied.

As I explained in connection with the elements of wire fraud conspiracy, the government does not need to prove that money laundering was committed or attempted for you to find that money laundering conspiracy has been proven. Rather, this type of conduct alleges only that a defendant conspired to commit the offense of money laundering.

## III. CLOSING INSTRUCTIONS

I have now outlined for you the rules of law applicable to this case, the process by which you weigh the evidence and determine the facts, and the legal elements that must be proved beyond a reasonable doubt. In a few minutes you will retire to the jury room for your deliberations. I will now give you some general rules regarding your deliberations. Keep in mind that nothing I have said in these instructions is intended to suggest to you in any way what I think your verdict should be. That is entirely for you to decide.

By way of reminder, I charge you once again that it is your responsibility to judge the facts in this case from the evidence presented during the trial and to apply the law as I have given it to you, and your verdict must be based solely on this evidence and law, not on anything else.

**A.     FOREPERSON**

In order for your deliberations to proceed in an orderly fashion, you must have a foreperson.  The custom in this courthouse is for Juror No. 1 to act as the foreperson.  However, if, when you begin deliberations, you decide that you want to elect another foreperson, you are entitled to do so.  The foreperson will be responsible for signing all communications to the court and for handing them to the Deputy Marshal during your deliberations, but, of course, his or her vote is entitled to no greater weight than that of any other juror.

**B.     COMMUNICATION WITH THE COURT**

It is very important that you not communicate with anyone outside the jury room about your deliberations or about anything touching on this case.  There is only one exception to this rule.  If it becomes necessary during your deliberations to communicate with me, you may send a note, through the Deputy Marshal, signed by your foreperson.  No member of the jury should attempt to communicate with me except by a signed writing, and I will never communicate with any member of the jury on any subject touching upon the merits of the case other than in writing, or orally here in open court.

**C.     JUROR'S RECOLLECTION GOVERNS / REQUESTS FOR TRIAL
          TESTIMONY**

Your recollection governs.  Nobody else's.  If, in the course of your deliberations, your recollection of any part of the testimony should fail, or you should find yourself in doubt concerning my instructions to you on the law, you may request that a witness's or witnesses' testimony, or portions thereof, be sent back to you in the jury room.  Again, you

may make such a request by a note to the Deputy Marshal.  I suggest, however, that you be specific to avoid receiving testimony that you do not want or need.  Describe as best and precisely as you can what you want to hear and be patient because it sometimes takes a while to find the testimony in the record.

To the extent possible, the exhibits that were admitted as evidence during the trial will be sent back to you for your deliberations.  However, some exhibits, such as audio recordings or documents maintained only in electronic format, cannot be sent back with you.  However, you can request to have that evidence played or presented to you in the courtroom.

### D. DELIBERATIONS AND UNANIMOUS VERDICT

Your duty is to reach a fair conclusion from the law as I have given it to you and the evidence that has been presented in this case.  This duty is an important one.  When you are in the jury room, listen to each other, and discuss the evidence and issues in the case amongst yourselves.  It is the duty of each of you, as jurors, to consult with one another, and to deliberate with a view toward reaching agreement on a verdict, if you can do so without violating your individual judgment and conscience.  While you should not surrender conscientious convictions of what the truth is and of the weight and effect of the evidence, and while each of you must decide the case for yourself and not merely acquiesce in the conclusion of your fellow jurors, you should examine the issues and the evidence before you with candor and frankness, and with proper deference to, and regard for, the opinions of your fellow jurors.

You should not hesitate to reconsider your opinions from time to time and to change

them if you are convinced they are wrong.  However, do not surrender an honest conviction as to the weight and effect of the evidence simply to arrive at a verdict.  The decision you reach must be unanimous; you must all agree.

When you have reached a verdict, simply send me a note signed by your foreperson that you have reached a verdict.  Do not indicate what the verdict is.  In no communication with the court should you give a numerical count of where the jury stands in its deliberations.

Remember in your deliberations that the government's charges against the defendants are no passing matter.  The parties and the Court rely upon you to give full and conscientious deliberation and consideration to the issues and evidence before you.  By so doing, you carry out to the fullest your oaths as jurors—to well and truly try the issues of this case and render a true verdict.  I will ask you to wait for a few moments while I discuss with counsel whether there is anything further about which you need to be charged.